Darris D. JOHNSON, Appellee,

v.

NORTH DAKOTA WORKMEN'S COM-
PENSATION BUREAU, Appellant.

Civ. No. 10506.

Supreme Court of North Dakota.

Feb. 23, 1984.

Rosenberg, Evans, Moench & Baird, Bis-
marck, for appellee; argued by David L.
Evans, Bismarck.

Joseph F. Larson, II, Asst. Atty. Gen.,
Workmen's Compensation Bureau, Bis-
marck, for appellant; argued by Joseph F.
Larson, II, Bismarck.

## OPINION ON DENIAL OF REHEARING

ERICKSTAD, Chief Justice.

The North Dakota Workmen's Compen-
sation Bureau [the Bureau] appeals from a

judgment of the District Court of Burleigh County which reversed the Bureau's order awarding benefits to Darris Johnson on a fifty percent aggravation basis. We reverse the judgment and reinstate the order of the Bureau.

Darris Johnson injured his back on May 25, 1980, in the course of his employment with Seis-Port Exploration, Inc., a North Dakota employer. Johnson suffered a previous work-related back injury in Minnesota in 1969, for which he received medical benefits, weekly compensation for over five months, and a five percent permanent partial disability award under the Minnesota Workers' Compensation Act.

Johnson filed a claim with the Bureau to recover benefits for his North Dakota injury. The Bureau agreed to pay medical and disability benefits on a fifty percent aggravation basis. Johnson subsequently requested that the Bureau pay his claim on a one-hundred percent basis. On April 13, 1983, the Bureau issued an order awarding Johnson benefits on a fifty percent aggravation basis. Johnson appealed the Bureau's order to district court, and the district court entered judgment ordering the Bureau to pay Johnson's claim on a one-hundred percent basis. The Bureau appeals from the judgment.

The sole issue presented on appeal is whether Johnson is entitled to full or prorated benefits. The Bureau contends that Johnson's prior back problems constitute a condition existing prior to the occurrence of the 1980 compensable injury, and that apportionment of benefits under the North Dakota aggravation statute, Section 65–05–15, N.D.C.C., is therefore appropriate. Johnson contends that his 1969 Minnesota injury is a "compensable injury" under the statute, not a condition which existed "prior to the happening of a compensable injury," and that he is therefore entitled to full benefits.[1]

The North Dakota aggravation statute, Section 65–05–15, N.D.C.C., provides, in pertinent part:

"*65–05–15. Aggravation of injury or disease—Compensation and benefits not paid for preexisting condition.* Compensation shall not be paid for any condition which existed prior to the happening of a compensable injury nor for any disability chargeable to such condition. In case of aggravation of a condition existing prior to a compensable injury and in case of the aggravation of a compensable injury by a nonemployment injury, compensation, medical or hospital expenses, or death benefits, shall be allowed by the bureau and paid from the fund only for such proportion of the disability, death benefits, or expense arising from the aggravation of such prior condition as reasonably may be attributable to such compensable injury. If the degree of aggravation cannot be determined, the percentage award shall be fifty percent of total benefits recoverable if one hundred percent of the injury had been the result of employment."

Johnson contends that "compensable injury" is a term of art in workmen's compensation law, and is intended only to describe a particular *type* of injury, regard-

---

1. Neither party has cited Section 65–01–02(7), N.D.C.C., as amended by the 1983 Legislature, which defines the term "compensable injury." Section 65–01–02(7) provides, in pertinent part:
    "*65–01–02. Definitions.* Whenever used in this title:

    \*       \*       \*       \*       \*       \*

    7. 'Compensable injury' means an injury by accident arising out of and in the course of employment including an injury caused by the willful act of a third person directed against an employee because of his employment, but such term shall not include an injury caused by the employee's willful intention to injure himself or to injure another, nor

any injury received because of the use of narcotics or intoxicants while in the course of the employment...."
Prior to the 1983 amendment, this was verbatim the definition of the term "injury," as contained in Section 65–01–02(8), N.D.C.C. In effect, the legislature kept the definition but changed the term which it defined, and renumbered it as subsection (7).
    The 1983 amendment to Section 65–01–02, N.D.C.C., does not affect the result in the instant case, inasmuch as it does not resolve the question posed here, *i.e.*, whether a Minnesota injury is a compensable injury pursuant to Section 65–05–15, N.D.C.C.

less of jurisdiction. He submits that any injury which would be compensable under the laws of the jurisdiction where it occurred constitutes a "compensable injury" for the purpose of Section 65–05–15, and that apportionment is therefore inappropriate.

The construction suggested by Johnson, however, appears to conflict with Section 65–08–01, N.D.C.C., which provides that compensation shall be paid "on account of injuries occurring outside this state" only in four enumerated situations.[2] Johnson's 1969 Minnesota injury does not fall within any of those provisions. The Bureau contends that payment of full benefits to Johnson would constitute payment "on account of injuries occurring outside this state," which is prohibited by the statute.

■ In resolving any ambiguity or inconsistency in the statutes, our goal is to ascertain the legislative intent. *Balliet v. North Dakota Workmen's Compensation Bureau*, 297 N.W.2d 791, 795 (1980); *Barnes County Education Association v. Barnes County Special Education Board*, 276 N.W.2d 247, 249 (N.D.1979). In so doing, we will consider the workmen's compensation statutes as a whole in an effort to harmonize and reconcile the various provisions of Title 65. *See Reliance Insur-*

*ance Co. v. Public Service Commission*, 250 N.W.2d 918, 922 (N.D.1977). Every effort will be made to give meaningful effect to each provision without doing violence to the others. *Keyes v. Amundson*, 343 N.W.2d 78, 83 (N.D.1983); *Litten v. City of Fargo*, 294 N.W.2d 628, 633 (N.D. 1980); *Hospital Services, Inc. v. Brackey*, 283 N.W.2d 174, 177 (N.D.1979).

■ We conclude that an out-of-state injury which does not fall within the provisions of Section 65–08–01 is not a compensable injury for the purposes of Section 65–05–15. We further conclude that if an out-of-state injury is aggravated by a compensable injury in North Dakota, benefits are to be apportioned in accordance with Section 65–05–15.

■ The mandate of Section 65–08–01 is clear: benefits are not to be paid "on account of injuries occurring outside" the State of North Dakota. If full benefits were allowed in this case, a part of these benefits would be directly attributable to an out-of-state injury. We note that Johnson has not challenged the Bureau's finding of fact that his 1980 North Dakota injury aggravated the condition caused by his 1969 Minnesota injury.[3] Therefore, a part of total benefits would clearly be attributable to his out-of-state injury.

---

**2.** Section 65–08–01, N.D.C.C., provides:

"*65–08–01. Extraterritorial coverage, when and how furnished.* Compensation shall be paid on account of injuries occurring outside this state or because of death due to an injury occurring outside of this state only when:
1. A North Dakota employee is a duly qualified peace officer of this state who received injury or was killed outside of this state in the course of his employment.
2. A North Dakota employee sustains an injury beyond the borders of this state in a service which is incidental to and is referable to the principal employment, the situs of which is within North Dakota.
3. A North Dakota employer and the bureau previously shall have contracted for insurance protection for employees while working outside of this state in the employment in which the injury occurred, which employment is incidental to or referable to the principal employment the localization and situs of which is not in North Dakota.
4. A North Dakota employer or his authorized agent has hired an employee, who is a

resident of another state, for temporary employment the situs of which is located in another state, and where such temporary employment is necessary to the principal employment of such employer, provided that such other state recognizes the coverage under this title as a sole remedy of the employee against the employer for such injury or death."

**3.** Johnson also has not argued that his prior condition was not disabling. Pursuant to our decision in *Balliet v. North Dakota Workmen's Compensation Bureau*, 297 N.W.2d 791, 794 (N.D.1980), proration of benefits under the aggravation statute is appropriate only when the preexisting condition was accompanied by an actual impairment or disability known in advance of the work-related injury. Although in general terms the employer takes his employee as he finds him, the aggravation statute limits this maxim where the employee suffers from a prior disability or impairment. *Id.* at 795.

The district court, in reversing the Bureau's order, relied entirely on Section 65–04–18 of the North Dakota Century Code, which provides:

> "*65–04–18. Subsequent injury or aggravation of previous injury or condition of employee—Charge to employer's risk—Charge of part of claim to subsequent injury fund.* Whenever a subsequent injury or aggravation of a previous injury or preexisting condition occurs to an employee, the risk of the employer for whom such person was working at the time of such subsequent injury or aggravation shall be charged only with the amount of the awards resulting from such subsequent injury or aggravation. Whenever such subsequent injury or aggravation results in further disability or an aggravation of a pre-existing injury or condition, the compensation which is in excess of the amount to which the injured employee would have been entitled solely by reason of the subsequent injury or aggravation shall be charged to the subsequent injury fund and not to the classification or the risk to which the subsequent injury or aggravation is charged."

Section 65–04–18 is a procedural statute, providing only the mechanics for payment of claims, and does not cover determinations of compensation. Chapter 65–05 of the North Dakota Century Code contains the relevant provisions for determining whether a claimant is entitled to benefits. Once it has been determined, in accordance with Chapter 65–05, that a claim shall be paid, Section 65–04–18 applies to determine what part of the claim is chargeable to the particular employer's classification or risk and what part shall be chargeable to the subsequent injury fund.

■ We conclude that Johnson's 1969 Minnesota injury is not a compensable injury under Section 65–05–15, and that Johnson is entitled to benefits only on a pro-rated basis. The judgment of the district court is reversed and the order of the North Dakota Workmen's Compensation Bureau is reinstated.

VANDE WALLE, PEDERSON, GIERKE and SAND, JJ., concur.