Michael F. BRAUN, Appellee,

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellant,**

**and**

**Custom Flooring, Respondent.**

**Civ. No. 900432.**

Supreme Court of North Dakota.

June 25, 1991.

Alan Baker (argued), of Baker Legal Clinic, Fargo, for appellee.

Dean J. Haas (argued), Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellant.

LEVINE, Justice.

The North Dakota Workers Compensation Bureau appeals from a district court judgment reversing the Bureau's order denying benefits to Michael Braun. We reverse and remand.

Braun was employed as a carpet and linoleum installer by Custom Flooring, a business based in Fargo, North Dakota. Although Custom Flooring performed most of its work in North Dakota, it also performed work at jobsites in Minnesota. On

July 31, 1989, Braun injured his back while working on a linoleum installation project at a residence in Moorhead, Minnesota. Braun had been at the jobsite for less than an hour, and the entire job was expected to take less than one day.

Braun filed an application for workers compensation benefits with the Bureau. The Bureau denied Braun's claim, determining that the injury was not sustained in a service incidental to and referable to Braun's employment in North Dakota because the injury had occurred at an identifiable out-of-state jobsite. After a rehearing, the Bureau affirmed its denial of benefits. Braun appealed to the district court, which reversed the Bureau's order. The Bureau has appealed.

On an appeal from a district court judgment reviewing the decision of an administrative agency, we review the decision of the agency, not the decision of the district court. *Plante v. North Dakota Workers Compensation Bureau*, 455 N.W.2d 195, 197 (N.D.1990). Our scope of review is governed by Section 28–32–19, N.D.C.C., and we must affirm the agency's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not sustained by the findings of fact, its decision is not supported by its conclusions of law, or its decision is not in accordance with the law. *Wendt v. North Dakota Workers Compensation Bureau*, 467 N.W.2d 720, 724 (N.D.1991).

An injured employee's right to collect benefits from the Bureau for an injury sustained outside of North Dakota is governed by Section 65–08–01, N.D.C.C., which at the time of Braun's injury[1] provided in pertinent part:

"*65–08–01. Extraterritorial coverage, when and how furnished.*

"1. Compensation may be paid on account of injuries occurring outside this state or because of death due to an injury occurring outside of this state only when:

\* \* \* \* \* \*

"b. A North Dakota employee sustains an injury beyond the borders of this state in a service which is incidental to and is referable to the principal employment, the situs of which is within North Dakota.

\* \* \* \* \* \*

"2. If the injury is sustained at an identifiable out-of-state jobsite, the services rendered and injury sustained may not be deemed to be incidental and referable to the North Dakota employment, even if the contractual relationship between employer and employee was entered in North Dakota."

Thus, an out-of-state injury is compensable if sustained in a service incidental to and referable to the North Dakota employment, but only if the injury was not sustained at an "identifiable out-of-state jobsite." The sole issue presented on appeal involves construction of the statutory language "identifiable out-of-state jobsite."

This issue has been resolved in our recent decision in *Souris River Telephone Mutual Aid Cooperative v. North Dakota Workers Compensation Bureau*, 471 N.W.2d 465 (N.D.1991).[2] In *Souris River*, the employee was killed when he fell from a six-story building while installing a satellite dish. The installation was expected to take two days. The accident occurred in South Dakota but the employee was working for Souris River, a North Dakota company. It was the first time the employee had worked outside of North Dakota for Souris River. Only a small fraction of Souris River's work occurred outside of North Dakota.

The issue presented on appeal was whether the injury had occurred at an identifiable out-of-state jobsite, thereby disqualifying the employee's surviving spouse from benefits. Upon review of the statutory language and legislative history, we

---

1. The 1991 Legislative Assembly enacted House Bill 1370, which completely revised Section 65–08–01, N.D.C.C.

2. Our decision in *Souris River, supra,* was issued after the briefing and oral arguments in this case had been completed.

concluded that the phrase "identifiable out-of-state jobsite" refers to a locatable, physical situs where work is performed. *Souris River, supra,* 471 N.W.2d at 469. We rejected the assertion that the duration of the particular job is a factor in determining whether the injury was sustained at an identifiable out-of-state jobsite.

*Souris River* controls our disposition of this case. Braun was injured while working at a residence in Minnesota. There can be no dispute that this residence is a "locatable, physical situs where work is performed." *See Souris River, supra,* 471 N.W.2d at 469. Accordingly, we conclude that the Bureau did not err in determining that Braun was injured at an identifiable out-of-state jobsite, that the service and injury were therefore not incidental and referable to the North Dakota employment, and, consequently, that Braun's injury was not compensable under the extraterritorial coverage provisions of Section 65–08–01, N.D.C.C.

We conclude that the district court erred in reversing the Bureau's order denying benefits. We reverse and remand to the district court for entry of judgment affirming the order of the Bureau.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.