Thomas A. EKSTROM, Appellant,

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU,** Appellee.

**DAN'S SUPER MARKET, INC., Appellee,**

v.

**Thomas A. EKSTROM, Appellant,**

and

**North Dakota Workers Compensation Bureau, Appellee.**

Civil Nos. 910162, 910163.

Supreme Court of North Dakota.

Dec. 9, 1991.

Fintan L. Dooley (argued), Bismarck, for appellant.

Joseph J. Cichy (argued), of Wheeler Wolf, Bismarck, for appellee Dan's Super Market, Inc.

Ken R. Sorenson, Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellee North Dakota Workers Compensation Bureau. No appearance.

ERICKSTAD, Chief Justice.

Thomas Ekstrom appeals from a district court judgment reversing an award of benefits to Ekstrom by the North Dakota Workers Compensation Bureau. We reverse and remand.

Ekstrom injured his back while working for Dan's Super Market, Inc. ["Dan's"] on October 26, 1987. He applied for and received benefits from the Bureau. On October 26, 1988, while working on a house construction project as part of his training in the construction trades program at Bismarck State College ["BSC"], Ekstrom again injured his back. He underwent surgery for a herniated disc, and continues to have problems with his back.

Ekstrom applied for benefits following the 1988 injury, alleging that the BSC injury was compensable or that the herniated disc was a natural progression of his 1987 injury. The Bureau initially denied the claim. Ekstrom sought a rehearing and submitted additional evidence that his 1987 injury at Dan's contributed to his herniated disc in 1988. The Bureau and Ekstrom eventually reached a settlement whereby Ekstrom agreed to drop his request for full benefits and the Bureau agreed to pay fifty percent benefits under the aggravation statute, Section 65–05–15, N.D.C.C.[1] The stipulated settlement was incorporated into an order dated January 31, 1990, which awarded fifty percent benefits to Ekstrom.

Dan's filed a request for rehearing, alleging that the medical evidence did not establish a causal relationship between Ekstrom's 1987 injury and his 1988 injury. A formal hearing was held on August 17, 1990, and on January 3, 1991, the Bureau issued its findings of fact, conclusions of law, and order affirming its original order.

Dan's appealed to the district court, which concluded that the medical evidence did not support the Bureau's finding that the 1987 injury contributed to the 1988 injury.[2] The district court entered judg-

1. Section 65–05–15, N.D.C.C., provides in pertinent part:

"*Aggravation awards.* The bureau shall calculate an aggravation award in case of aggravation of a preexisting condition, disease, or infirmity by a compensable injury, and in case of aggravation of a compensable injury by a nonemployment injury, on the following terms:

\* \* \* \* \* \*

"3. In case of aggravation of a prior compensable injury by a nonemployment injury, the aggravation statute may be invoked where the nonemployment injury acts upon the prior compensable injury, and substantially contributes to the severity, acceleration, or progression of the final result, or, if it acts as a trigger to produce recurrent symptoms, and the trigger is itself a substantial aggravating or accelerating factor. All benefits may be apportioned when the aggravation statute is invoked under this subsection. The aggravation statute may not be invoked if the result is but a natural progression of the compensable injury.

"4. The bureau shall determine the aggravation award based upon all evidence, as reasonably establishes the proportion or percentage of cause as is reasonably attributable to the compensable injury. If the degree of aggravation cannot be determined, the percentage award must be fifty percent of the total benefits recoverable if one hundred percent of the injury had been the result of employment."

2. Although the Bureau and the district court phrased the issue as whether the 1987 compensable injury had contributed to the 1988 noncompensable injury, the aggravation statute requires the converse: "the aggravation statute may be invoked where the nonemployment injury acts upon the prior compensable injury, and substantially contributes to the severity, acceleration, or progression of the final result." Section 65–05–15(3), N.D.C.C.

ment reversing the Bureau's order awarding benefits to Ekstrom. Ekstrom has appealed to this court.[3]

■ On an appeal from a district court judgment reviewing the decision of an administrative agency, we review the decision of the agency, not the decision of the district court. *Braun v. North Dakota Workers Compensation Bureau*, 472 N.W.2d 457, 458 (N.D.1991). Our scope of review is governed by Section 28–32–19, N.D.C.C., and we must affirm the agency's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not sustained by the findings of fact, its decision is not supported by the conclusions of law, or its decision is not in accordance with the law. *Braun, supra*, 472 N.W.2d at 458. Although we review the agency's decision, the district court's analysis must be considered and is entitled to respect. *Holmgren v. North Dakota Workers Compensation Bureau*, 455 N.W.2d 200, 201 (N.D.1990).

■ In holding that the Bureau's findings of fact were not supported by a preponderance of the evidence, the district court completely ignored the fact that the Bureau's order was issued pursuant to a stipulated settlement between Ekstrom and the Bureau. At the time Ekstrom and the Bureau entered into their settlement agreement, Section 65–05–25, N.D.C.C., provided in pertinent part[4]:

> "The bureau and the claimant, after an opportunity to seek legal counsel, may compromise to resolve a disputed claim. The contract of settlement made is enforceable by the parties."

The Bureau's orders of January 31, 1990, and January 3, 1991, acknowledge the existence and terms of the stipulated agreement. Those orders merely memorialized the agreement of the parties. Dan's does not dispute that Ekstrom and the Bureau

reached an agreement to settle Ekstrom's claim, or that Ekstrom agreed to drop his claim for full benefits in exchange for the Bureau's promise to pay benefits on a fifty percent aggravation basis. Nor does Dan's challenge the validity of that agreement on any contract grounds.

Under the terms of Section 65–05–25, N.D.C.C., Ekstrom is entitled to enforce the agreement against the Bureau. The district court, by reversing the order allowing benefits, has in effect rescinded the parties' agreement based upon a lack of evidentiary support. When the parties settle, however, there is no need for an evidentiary basis for the resulting order. Ekstrom abandoned his potential claim for full benefits for the security of a certain fifty percent award. Similarly, the Bureau escaped a potentially greater liability by agreeing to pay benefits on a fifty percent aggravation basis. This satisfied the legislative intent behind the statutory authorization of settlement, which is to allow the Bureau discretion to compromise claims when necessary to preserve the fund. *See Moore v. North Dakota Workmen's Compensation Bureau*, 374 N.W.2d 71, 75 (N.D.1985). It would defeat the purpose and intent of the statute if such settlements could be challenged for lack of evidentiary support. We therefore conclude that the district court erred in reversing the order of the Bureau.

It was suggested at oral argument that the district court judgment was not intended to affect Ekstrom's right to collect benefits, but only to limit the Bureau's power to assess the loss against Dan's. On its face, however, the Bureau's order only governs Ekstrom's right to collect benefits, not the Bureau's assessment of the loss against a particular employer. We see no indication in this record that the district court intended to limit the scope of its decision to its affect upon assessment of the loss against Dan's. Because the Bureau's order does

---

**3.** Counsel for the Bureau advised us by letter that the Bureau "acquiesces" in the district court judgment and would not participate in this appeal. Thus, our review in this case has been hampered by the Bureau's failure to file briefs or appear for oral argument.

**4.** The provisions governing settlement of claims are now contained in subsection (2) of Section 65–05–25, N.D.C.C.

not directly affect assessment of the loss against a particular employer, that issue is not properly before us.[5]

We hold that the district court erred in reversing the Bureau's order awarding benefits to Ekstrom. Accordingly, we reverse the judgment and remand to the district court for entry of a judgment affirming the Bureau's order.

VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

H.F. GIERKE III, J., a member of the Court when this case was heard, resigned effective November 20, 1991, to accept appointment to the United States Court of Military Appeals and did not participate in this decision.

**5.** Insofar as the Bureau is an insurer, it may have the authority to bind the employer to the settlement. *See* 3 Larson, Workmen's Compensation § 82.62 (1989). We also note the possible application of Section 65–04–18, N.D.C.C., which suggests that the amount of compensation attributable to a prior injury is to be charged to the "subsequent injury fund." *See also Johnson v. North Dakota Workmen's Compensation Bureau,* 344 N.W.2d 480, 483 (N.D.1984) ("Section 65–04–18 applies to determine what part of the claim is chargeable to the particular employer's classification or risk and what part shall be chargeable to the subsequent injury fund"). We find it unnecessary to address these issues in resolving this appeal.