**William A. BERRYMAN, Appellant,
Claimant Below,**

v.

**JOHN F. CASEY COMPANY, Appellee,
Employer Below.**

Superior Court of Delaware.

New Castle.

Feb. 27, 1969.

Harvey B. Rubenstein, Wilmington, for claimant.

F. Alton Tybout, Wilmington, for employer.

OPINION

O'HORA, Judge.

On September 9, 1964, claimant was injured in an industrial accident. A compensation agreement providing for the payment of temporary total disability benefits was entered into by the claimant and employer and was later approved by the Industrial Accident Board ("Board" hereinafter).

On June 30, 1967, claimant filed a petition for communtation of compensation benefits. This petition sought to have claimant's status changed from temporary

total disability to permanent total disability and to have any compensation benefits commuted. The employer opposed the petition contending that the claimant was not permanently and totally disabled and that, in any event, commutation was not warranted.

After a hearing at which each party was represented by counsel, the Board found that the claimant was permanently and totally disabled and granted the petition for commutation. The Board, however, refused to assess any attorney fee against the employer as requested by claimant. Claimant appeals from that portion of the Board's decision denying an attorney's fee, pursuant to 19 Del.C. § 2127.

19 Del.C. § 2127, as amended in 1966, provides as follows:

"(a) A reasonable attorney's fee in an amount not to exceed 30% of the award or $2250, whichever is smaller, shall be allowed by the Board to any employee *awarded compensation* under this chapter and Chapter 23, and taxed as costs against a party.

"(b) No compensation, other than the fee provided by subsection (a) of this section, may be received by an attorney for services before the Board; provided, however, that this limitation shall not apply to any fee for services rendered by an attorney on appeal from an award or a denial of an award by the Board."

■ The proceeding before the Board on claimant's commutation petition should be viewed as a dual proceeding—one to change the claimant's status and another to commute the claimant's compensation benefits. When the Board, in dealing with the issue as to status, changed claimant's status from temporary total disability to permanent total disability, it in effect rendered an award within the meaning of 19 Del.C. § 2127. Although the term "award" is not defined in the appropriate statutory law, it is generally used to denote any decision or determination rendered by arbitrators or commissioners or other private or extrajudicial deciders upon a controversy submitted to them. Black's Law Dictionary, 174 (4th ed. 1951); 7 C.J.S. Award p. 1311; 4A Words and Phrases, "Award and Awarding of Compensation". It seems reasonable to conclude, therefore, that the Board's decision to change claimant's status falls within the purview of this broad definition and should be considered an award.

■ The Court also concludes that the award itself was one of compensation. "Compensation" as used in Workmen's Compensation statutes has been defined as a technical term which includes all payments conferred under such an Act upon an injured employee, (Hawthorn v. City of Beverly Hills, 111 Cal.App.2d 723, 245 P.2d 352 (1952)), and more generally as any money relief afforded according to a scale established and for persons designated in the Act. Howard v. Lightner, D.C.App., 214 A.2d 474 (1965); Ivey v. North Carolina Prison Department, 252 N.C. 615, 114 S.E.2d 812 (1960). Encompassed within these broad definitions is the definition of compensation found in 19 Del.C. § 2301 which provides, as follows:

" 'Compensation' wherever the context requires it, includes surgical, medical and hospital services, medicines and supplies, and funeral benefits, provided for in this chapter;"

■ When the Board changed claimant's status it held in effect that claimant, absent an untimely death, was entitled to receive a fixed weekly payment for a fixed number of years as opposed to the fixed weekly payment for an indefinite period of time which he was to receive under the terms of the earlier approved agreement. This decision thus afforded claimant a new type of money relief readily distinguishable from that which he was allotted under the approved agreement. Hence the Board's decision to change claimant's status should be considered as an award of compensation.

Having determined that the change in status should be held to have constituted an award of compensation, it follows that the Board erred in refusing to assess a reasonable attorney's fee against the employer for services rendered by claimant's counsel in presenting the change of status request.

■ The issue of whether or not the Board should have allowed an attorney's fee in connection with the commutation issue must be separately evaluated. Commutation is frequently defined as the conversion of the right to receive a periodic payment into the right to receive a gross payment. Black's Law Dictionary, (4th ed. 1951) p. 531. The granting of commutation, therefore, changes only the form and not the amount (excepting statutory discount provisions) of the total compensation.

■ 19 Del.C. § 2358, having to do with the Board's authority to grant commutation, recognizes the distinction between compensation and commutation when it provides "* * * the compensation contemplated by this chapter may be computed by the Board * * *". The granting of commutation, being something other than the granting of compensation, it follows that 19 Del.C. § 2127, providing for the granting of an attorney's fee only in compensation awarding situations, precludes the granting of an attorney's fee for representation in the commutation hearing. In fact, a careful reading of 19 Del.C. § 2127 would indicate that it is a dual legislative mandate requiring that the Board "shall" allow an attorney's fee in an appropriate case and that the attorney may not receive any other compensation for services before the Board.

Claimant here argues that such an interpretation of 19 Del.C. § 2127 would necessarily lead to injustice in that claimants would have difficulty retaining counsel in commutation applications. Claimant urges that 19 Del.C. § 2127 should be interpreted as a broad legislative mandate requiring an attorney's fee so as to relieve a successful claimant of the burden of legal fees "for services before the Board" as stated in Ham v. Chrysler Corporation, Del., 231 A. 2d 258 (1967). To reach such a conclusion, the Court would necessarily be forced to ignore the clear language of the statute and assume that, as to commutation situations, the Legislature intended something other than that which is clearly set forth in the statute.

Furthermore, to adopt claimant's argument, the Court would be required to overlook a long standing practice of the Board in refusing to allow an attorney's fee in commutation cases, and the prohibitions against such allowances recently promulgated in Rule 17(B) of the Board.

■ It may well be that claimant's "fairness" argument should be the law of this State. On the other hand, there are arguments to the contrary, including the fact that in commutation situations an employer is not in a position to seek an agreement with an employee and thus avoid the necessity of a hearing before the Board. The statute requires that such application be presented to the Board for determination quite apart from the attitude or position of the employer. In any event the Court believes that this issue, i. e., the granting of an attorney's fee in commutation cases, is one clearly within the province of the Legislature to determine. Adoption here of claimant's suggestions would be an unhappy example of judicial legislation.

■ In conclusion the Court would also point out that 19 Del.C. § 2127(b) does provide for an attorney's fee "for services rendered by an attorney on appeal from an award or denial of an award by the Board". In the case before the Court this provision may certainly be considered by the Board upon remand in determining the appropriate fee to be awarded for representation of the claimant in connection with his petition for change of status but not, of course, for representation in connection with commutation.

For the reasons herein stated, the Court concludes that the Board did not err in refusing to grant an attorney's fee in connection with claimant's petition for commutation but did err in not granting an attorney's fee in connection with claimant's petition for change of status from temporary total disability to permanent total disability. The case is, therefore, remanded to the Board to afford it an opportunity to correct such error.

It is so ordered.