**GENERAL MOTORS CORPORATION, Employer-Appellant,**

v.

**Frank MORGAN, Claimant-Appellee.**

Superior Court of Delaware, New Castle.

Dec. 9, 1971.

Max S. Bell, Jr., Richards, Layton & Finger, Wilmington, for employer-appellant.

Oliver V. Suddard, Wilmington, for claimant-appellee.

## OPINION

O'HARA, Judge.

This is an appeal from a determination of the Industrial Accident Board (Board) dated November 18, 1971, pertaining to an award of attorney fees pursuant to 19 Del.C. § 2127. Frank Morgan (claimant) sought and was awarded benefits for an occupational disease arising in the course of his employment with General Motors Corporation (GM). His claim was contested by GM and during the pendency of proceedings before the Board, claimant was represented by Oliver V. Suddard, Esq. The principal issues in the case were heard on December 12, 1970 and on March 4, 1970 a general decision on attorney fees was rendered. That decision states as follows:

> "It is further awarded and adjudged by the Industrial Accident Board of the State of Delaware this Fourth day of March, 1970 that General Motors Corporation shall pay the reasonable attorneys fees in the amount of $1,687.50 plus 30% of the unpaid medical bills and 30% of transportation."

A controversy arose as to the import of "unpaid medical bills" and the matter was resubmitted to the Board. Its decision, dated November 18, 1970 was to the effect that payments advanced by Blue Cross for claimant's medical care, pursuant to a private insurance contract, were to be considered part of the compensation award for the purpose of assessing attorneys fees. This legal conclusion was premised upon the Board's factual finding that the effect of claimant's judgment requiring GM to reimburse Blue Cross relieved claimant of his duty of indemnification. GM challenges the latter determination on the facts and the law.

■ Preliminarily, it should be noted that this Court's function on appeal from the Board is to determine whether there was substantial competent evidence to support the findings and conclusions of the Board. Air Mod Corporation v. Newton, 215 A.2d 434 (Del.Supr.1965); Johnson v. Chrysler Corporation, 213 A.2d 64 (Del. Supr.1965). This Court will not reverse the Board in a workman's compensation case, where there is such evidence to support the Board's findings of fact and where there has been no error of law.

Dallachiesa v. General Motors Corporation, 1 Storey 130, 140 A.2d 137 (1958).

■ Under 19 Del.C. § 2127, the statutory right to an attorney's allowance in workman's compensation cases is based upon a percentage of the award. Section 2127 states:

> "(a) A reasonable attorney's fee is an amount not to exceed 30% of the award or $2250, whichever is smaller, shall be allowed by the Board to an employee awarded compensation under this chapter and Chapter 23, and taxed as costs against a party."

GM's initial argument is that the Board's November, 1970 opinion with respect to attorney fees is without legal effect as it went beyond the Board's statutory authorization under 19 Del.C. § 2349. Under § 2349 all orders of the Board are final and res judicata unless appealed from within 20 days. Taylor v. Hatzel & Buehler, 258 A. 2d 905 (Del.Supr.1969). Since no appeal was made within the time set by statute, GM challenges the Board's power to depart from the allegedly unambiguous language of its March decision and to substitute claimant's "medical liability" for "unpaid medical bills" as a more generous computation of allowable attorney fees. The Court disagrees with this contention.

■ Private insurance plans, such as offered by Blue Cross, are such a pervasive influence in the scheme of medical compensation and of such common knowledge to those experienced in these matters that this Court must presume that the Board was aware of Blue Cross and its policy of advancing coverage upon reservation of right. In light of this knowledge, it is unrealistic to conclude that the Board intended a narrow or literal construction of the language "unpaid medical bills". In the great majority of cases where private insurers advancing payments for medical services are involved there would be no basis from which to compute the fees provided for in the section. Therefore, in or-der to avoid a construction which would defeat the purpose of § 2127, it follows that the Board's March order contemplated recompensing the attorney for tangible benefits conferred upon his client through the attorney's efforts.

■ The Board, however, in its March decision chose ambiguous language to effect its intentions. As a consequence, a controversy arose concerning the amount of allowable fees and the Board was required to clarify the meaning of its prior order. This clarification in the November order was entirely consistent with its prior order. This latter opinion cannot be analogized to a collateral attack upon the March decision and accordingly Taylor v. Hatzel & Buehler, supra, is inapposite.

Notwithstanding, on the facts herein stated, the Board did exceed its authority in incorporating Blue Cross benefits into the award for the purpose of computing attorney fees under 19 Del.C. § 2127. Although the Board was correct in concluding in its November opinion that the spirit of 19 Del.C. § 2127 envisions a relationship between fees allowed and benefits conferred upon client, nonetheless the Board's factual finding that claimant was relieved of a duty of indemnification to Blue Cross, by recovery against GM is devoid of any evidentiary support. Berryman v. John F. Casey Company, 251 A.2d 565 (Del.Super. 1969).

■ The board's decision, if based upon anything, is based upon the following statement of Mr. Suddard in the record:

> "Mr. Suddard: As pointed out by Blue Cross, their policy does not cover anything under workman's compensation. Therefore, it was an erroneous payment (referring to advances made on claimant's medical expenses), and under the terms of the policy, if General Motors doesn't pay it Blue Shield and Blue Cross have the right to come back against Morgan because he had no right to get it." (Insertion added).

This bare assertion positing a duty of indemnification upon claimant is insufficient as a matter of law to justify the Board's conclusion that GM's reimbursement of Blue Cross was a benefit conferred upon claimant in the nature of the award. It seems that by definition the nature of insurance would preclude a duty of indemnification upon the assured. In any event, in the absence of proof of a colorable claim by Blue Cross upon claimant for advances made, the Board exceeded its discretionary limit in awarding Mr. Suddard attorney fees· which bore no relationship to any benefit conferred upon his client. Berryman v. John F. Casey Company, supra.

For the reasons herein stated the decision of the Board regarding attorney fees is reversed and the case remanded for further hearing and/or the entry of an order pertaining to attorney fees consistent with this opinion.

It is so ordered.