Michael COEN, Employee-Appellant
Below, Appellant,

v.

AMBROSE–AUGUSTERFER CORPORA-
TION, Employer-Appellee
Below, Appellee.

Supreme Court of Delaware.

Submitted: Dec. 8, 1982.

Decided: July 1, 1983.

Lawrence M. Sullivan and Brian J. Bartley (argued), Wilmington, for appellant.

J.R. Julian (argued), Wilmington, for appellee.

Before HERRMANN, Chief Justice, McNEILLY and HORSEY, Justices.

HERRMANN, Chief Justice:

In this appeal, Michael Coen ("Coen") seeks reversal of the Superior Court's affirmance of a decision of the Delaware Industrial Accident Board ("Board") holding (1) that pursuant to a set-off provision of the Delaware Workmen's Compensation Statute, Coen is not entitled to recover further benefits from the appellee Ambrose-Augusterfer Corp. ("Ambrose"); and (2) that, therefore, Coen is not entitled to an award of attorney's fees.

I.

The facts are not in dispute. In 1966, Coen fractured his left wrist in a compensable industrial accident while working for I.D. Griffith Company ("Griffith"), a Delaware-based mechanical contractor. He filed for and received benefits under the Delaware Workmen's Compensation Statute.

In 1975, he refractured his wrist while working in Delaware for Ambrose, a Philadelphia-based mechanical contractor. Because the principal place of business of Ambrose was in Pennsylvania, Coen was eligible to claim workmen's compensation in either Pennsylvania or Delaware. He filed under the Pennsylvania Statute and has received disability benefits under that Statute since 1975.

Coen subsequently petitioned the Delaware Board seeking permanency benefits for the same injury under 19 *Del.C.* § 2326.* The Board found that Coen's injury is permanent, the impairment consisting of a 75% loss of use of his wrist. The Board further found that 15% of the impairment is attributable to the 1966 Griffith accident, and 60% to the 1975 Ambrose accident. Based upon the above findings, the Board concluded that Coen is entitled under § 2326 to a permanency award from both Griffith and Ambrose, commensurate with the respective responsibility of each for the impairment.

However, the Board concluded that, under § 2303(b),** Ambrose is entitled to a "credit" for the disability benefits it has been paying Coen under the Pennsylvania award. The Board held that, because the amount Ambrose has been and is paying Coen exceeds the amount he would have recovered under Delaware Law had he filed his entire claim here, any Delaware permanency award is offset by the Pennsylvania total disability award; that, therefore, Ambrose is not liable for any further payment under the Delaware Statute. The Board further held that because Coen would not recover any benefits, he was not

---

* 19 *Del.C.* § 2326 provides a schedule of compensation for various classes of permanent injuries "regardless of the earning power of the injured employee after the injury."

** 19 *Del.C.* § 2303 provides in pertinent part:

"§ 2303. Territorial application of chapter.
" * * *
"(b) The payment or award of benefits under the workmen's compensation law of another state, territory, province or foreign nation to an employee or his dependents otherwise entitled on account of such injury or death to the benefits of this chapter shall not be a bar to a claim for benefits under this chapter, provided that claim under this chapter is filed within 2 years after such injury or death. If compensation is paid or awarded under this chapter:
"(1) The medical and related benefits furnished or paid for by the employer under

such other workmen's compensation law on account of such injury or death shall be credited against the medical and related benefits to which the employee would have been entitled under this chapter had claim been made solely under this chapter;
"(2) The total amount of all income benefits paid or awarded the employee under such other workmen's compensation law shall be credited against the total amount of income benefits which would have been due the employee under this chapter had claim been made solely under this chapter;
"(3) The total amount of death benefits paid or awarded under such other workmen's compensation law shall be credited against the total amount of death benefits under this chapter. * * *."

entitled to attorney's fees under 19 *Del.C.* § 2127.***

On appeal to the Superior Court, the parties agreed (1) that because the term "income benefits" in § 2303(b)(2) is not defined and is ambiguous, statutory construction is required; (2) that the term encompasses total and partial disability awards under §§ 2324 and 2325; and (3) that the purpose of § 2303 is to prevent recovery in more than one state for the same injury. They parted company, however, as to whether the term "income benefits" includes permanency benefits under § 2326.

Coen contended below that the statutory set-off is limited to claims based upon impaired earning capacity claims based upon total or partial disability. Coen further contended that the statutory purpose would not be served by a set-off in this case because disability and permanency benefits are, under the Delaware Law, considered distinct and independently recoverable. *Williams v. Chrysler Corp.*, Del.Supr., 293 A.2d 802 (1972).

The Superior Court did not agree that the sole purpose of the Statute is to prevent double recovery. The Court reasoned that if such were the sole purpose, the Legislature would have expressly limited the statutory set-off to disability awards. Absent such express limitation, the Court ruled, separate and independent recovery of permanency awards is impermissible. The Superior Court viewed the Statute as an "anti-forum-shopping" Statute. It held that the Statute acts as a mechanism to impose a "ceiling" on the total amount recoverable under the Delaware Workmen's Compensation Law; that under § 2303(b), a claimant who has already received benefits for an injury in another state can recover additional benefits in Delaware for the same injury only to the extent that his non-Delaware award is less than the amount he could have recovered by bringing his entire claim here.

The Court further held that the Board correctly denied Coen attorney's fees, finding that § 2127 contemplates the receipt of a benefit as prerequisite to an award of fees.

We affirm.

## II.

■ Like the Superior Court, we find unacceptable Coen's contention that application of the term "income benefits" under § 2303(b)(2) should be limited to claims dealing expressly with impaired earning capacity, and that such claims are only those based upon disability, not permanency. The General Assembly has not so limited the term, either explicitly or implicitly.

Turning first to the language of the Statute: § 2303 refers specifically to off-setting "medical and related benefits" [(1)]; "all income benefits" [(2)]; and "the total amount of death benefits" [(3)]. Under the Delaware Law several types of benefits may be awarded, including, but not limited to: medical [§ 2322], total disability [§ 2324], partial disability [§ 2325], permanency [§ 2326] and death [§ 2330]. Logic dictates that because § 2303(b)(1) and (3) refer to medical and death benefits, subsection (2), "income benefits," must be understood to include permanency, one of the remaining specified benefits.

■ As to the apparent purpose of § 2303, we agree with the Superior Court that the purpose is not merely to prevent double recovery but, instead, to impose a ceiling on the total amount recoverable under the Delaware Law. We further agree

*** 19 *Del.C.* § 2127 provides:

"§ 2127. Attorney's fee.

"(a) A reasonable attorney's fee in an amount not to exceed 30% of the award or $2,250, whichever is smaller, shall be allowed by the Board to any employee awarded compensation under this chapter and Chapter 23 of this title and taxed as costs against a party.

"(b) No compensation, other than the fee provided by subsection (a) of this section, may be received by an attorney for services before the Board; provided, however, that this limitation shall not apply to any fee for services rendered by an attorney on appeal from an award or a denial of an award by the Board."

that the Statute is an "anti-forum-shopping" statute to the extent that a claimant eligible for workmen's compensation in more than one state may not bring a portion of his claim in a state providing greater benefits than would be available under Delaware Law and later seek additional benefits in Delaware which would exceed the maximum award available under Delaware Law had the claim been made solely in Delaware.

■ We hold, therefore, that an award of permanency benefits under § 2326 constitutes an "income benefit" within the purview of the set-off provisions of § 2303(b)(2). Accordingly, we agree with the Superior Court that the Board correctly set-off against Coen's Delaware permanency award the amount paid and being paid by Ambrose to Coen under the Pennsylvania total disability award.

### III.

■ As to the denial of attorney's fees: We agree with the Board and the Superior Court that because Coen realized no benefit as a result of his petition in this case, he is not entitled to an award of attorney's fees under § 2127. *See General Motors Corp. v. Morgan,* Del.Super., 286 A.2d 759 (1971).

Affirmed.