**Donna WILLINGHAM and Charles Cecil Printz, Appellants,**

**v.**

**KRAL MUSIC, INC., Appellee.**

Superior Court of Delaware,
New Castle County.

Submitted: April 22, 1985.
Decided: Aug. 28, 1985.

Frederick T. Haase, Jr. of Roeberg & Associates, Wilmington, for appellants.

Robert W. Ralston of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellee.

O'HARA, Judge.

This is an appeal from a determination of the Industrial Accident Board ("Board") dated July 17, 1984, and a subsequent clarification dated July 25, 1984, which denied attorney's fees pursuant to 19 *Del.C.*

§ 2127(a). The Court has determined that the Board's decision must be reversed.

Appellant Donna Willingham filed a Petition to Determine Compensation Due to Dependents of Deceased Employee, pursuant to 19 *Del.C.* § 2330(a)(3) and § 2331, with the Board on January 16, 1984. On that same day, Mrs. Willingham joined with appellant Charles Cecil Printz, Co-Administrator of the Estate of her deceased husband, Robert Willingham, in filing two other petitions, a Petition to Determine Additional Compensation Due to Injured Employee (seeking total disability benefits under 19 *Del.C.* § 2324, medical expenses under 19 *Del.C.* § 2322, and permanent partial disability benefits under 19 *Del.C.* § 2326(a)), and a Petition to Determine Disfigurement.

As the circumstances surrounding Mr. Willingham's injuries, untimely death on June 3, 1983, and the successful resolution of a third-party action are not in dispute in this appeal concerning the denial of attorney's fees, it will suffice to point out that Mr. Willingham, while acting in the course of his employer's (Kral Music, Inc.) ("appellee") business, was injured by a third party in an automobile accident on April 14, 1980. In late January, 1982, Mr. and Mrs. Willingham achieved a "structured settlement" of their third-party action against the employer of the other driver. As a result of this settlement, INA, the workmen's compensation carrier for appellee, ceased payment of medical bills and total disability benefits to Mr. Willingham on February 15, 1982.

The Board determined that INA owed appellants $61,775.42. This sum consisted of survivor's benefits of $7,945.53, funeral expenses of $3,236.98, permanent disability benefits for the left leg of $10,023.30, total disability benefits of $9,099.84, disfigurement compensation of $9,426.90, and medical expenses of $22,042.87.

However, the Board also decided that INA was entitled to a credit of $144,096.98. This credit consisted of annuity payments of $35,000.00 to Mrs. Willingham prior to the Board's decision, the $92,949.18 net recovery from the third-party settlement, and $16,147.80 in attorney's fees paid by the Willinghams to defend the third-party settlement.

The Board also awarded attorney's fees, pursuant to 19 *Del.C.* § 2127(a), to appellants in the amount of $2,250.00 or 30% of the award, whichever was smaller. This amount, totalling $9,150.00, was made to cover representation in connection with the issues of total disability, permanency, medical expenses, and survivor's benefits. The standard attorney's fee of $150.00 was granted for the issue of disfigurement.

In response to the appellee's request for a clarification of the attorney's fee award, the Board subsequently ruled that if the credit due INA exceeded the amount awarded appellants, Mrs. Willingham would not receive a benefit and no attorney's fees would be owing by the carrier (INA). The effect of this ruling was to deny attorney's fees to appellants, as the Board found that INA's credit of $144,096.98 exceeded the amount of $61,775.42 owed appellants. The Board's interpretation of 19 *Del.C.* § 2127(a) is the focus of this appeal.

Initially, it must be noted that this Court's function on appeal from the Board is to determine whether the Board committed an error of law or made findings of fact unsupported by substantial evidence. *Talmo v. New Castle County*, Del.Super., 444 A.2d 298, aff'd, 454 A.2d 758 (1982). In the instant case, which involves questions of statutory interpretation, the inquiry is directed to whether the Board committed an error of law in its construction of § 2127(a).

Under 19 *Del.C.* § 2127, the statutory entitlement to attorney's fees in workmen's compensation cases is based upon a percentage of the award. Section 2127(a) states:

[a] reasonable attorney's fee in an amount not to exceed 30% of the award or $2,250, whichever is smaller, shall be allowed by the Board to any employee

awarded compensation under this Chapter and Chapter 23 of this title and taxed as costs against a party.

Appellants' initial contention is that the Board committed an error of law in its interpretation of § 2127(a) as requiring that an award result in a direct financial benefit to a claimant before attorney's fees would be granted. Additionally, appellants contend that even if this Court is in agreement with the Board as to the validity of the "benefit test," Mrs. Willingham should nonetheless prevail since the result of the hearing before the Board was to establish her right to compensation in the future should INA's credit be extinguished, and to immediately reduce INA's credit by 43%.

The purpose of § 2127(a) was to ensure that a successful claimant would be able to recover reasonable attorney's fees from the other party, considering the amount of services rendered as well as the accomplishments. *Huff v. Industrial Acc. Bd.*, Del. Super., 430 A.2d 796 (1981); *Ham v. Chrysler Corporation*, Del.Supr., 231 A.2d 258 (1967); *Ellison v. City of Wilmington*, Del.Super., 301 A.2d 303 (1972).

■ This Court has previously held that the spirit of § 2127(a) "envisions a relationship between fees allowed the attorney and benefits conferred upon the client." *General Motors Corporation v. Morgan*, Del. Super., 286 A.2d 759 (1971). The fallacy in appellee's argument lies in its overly restrictive view of the word "benefit." "Benefit" has been described as denoting any form of advantage or profit, including nonmonetary benefits reasonably accruing to a claimant who has sought legal advice on his rights under statute. RESTATEMENT OF RESTITUTION § 1(b) (1937); *East Coast Tire Co. v. Denmark*, Fla.Dist.Ct. App., 381 So.2d 336, 339 (1980). Therefore, immediate pecuniary gain is not a prerequisite to finding that one received a benefit.

In *Berryman v. John F. Casey Company*, Del.Super., 251 A.2d 565 (1969), this expansive definition of benefit was supported when the Court ruled that a change in a claimant's status from temporary total disability to permanent total disability as the result of a Board hearing, even without present financial gain, can be a sufficient benefit to justify awarding attorney's fees. *Berryman v. John F. Casey Company*, supra. Here, Mrs. Willingham benefited by establishing a vested right to future compensation from INA should there be a failure of the annuity purchased by the third-party tortfeasor.

■ In analyzing the meaning of "award" and "compensation" under § 21.27(a), the Court in *Berryman* noted that these terms are to be broadly defined. It said that an "award" is generally used to denote any decision or determination rendered by arbitrators or commissioners upon a controversy submitted to them. "Compensation", as used in Workmen's Compensation statutes is a technical term which includes all payments conferred upon an injured employee and more generally any money relief afforded according to a scale established for persons designated in the Act. The Court in *Berryman*, also pointed out that the broad definition of "compensation", under 19 *Del.C.* § 2301, "includes surgical, medical and hospital services.... and funeral benefits." Consequently, it is apparent that an award of compensation under § 2127(a) is intended to refer to any favorable change of position or benefit, as the result of a Board decision, rather than just being limited to contemporaneous financial gain. In the judgment of this Court, there was an award of compensation to appellants by the Board which benefited Mrs. Willingham. As the result of appellants' various petitions, Mrs. Willingham now has a vested right to the payment of survivor's benefits from INA should the third-party annuity fail.

Appellee places considerable reliance on *Coen v. Ambrose-Augusterfer Corp.*, Del. Supr., 463 A.2d 265 (1983) as authority for the proposition that attorney's fees will not be awarded when a claimant receives no immediate payment from the employer as the result of a Board hearing. In that

case, it was held that the employer had no liability to an employee under Delaware law because payments made by the same employer to the employee under a Pennsylvania disability award exceeded that which would have been recovered in Delaware.

However, in *Coen,* there was no award, there was no third-party source of payment which might fail and render the employer liable for future payments, and the employee acquired no favorable change of status as the result of his petitions. In short, the employee in *Coen* realized nothing, either personally or potentially. On the contrary, in the present case, appellants were awarded $61,775.42, payment of which INA would be liable for should the third-party annuity fail. Due to the running of the statute of limitations, 19 *Del.C.* § 2361, and previous lack of agreement as to the extent of INA's liability, it can hardly be said that Mrs. Willingham failed to benefit from the Board's award. Thus, this is a case clearly distinguishable from *Coen.*

The often-stated purpose of § 2127(a), that of relieving a successful claimant of the burden of legal fees, should not be circumvented by a false construction of its terms. Neither the statute itself nor case-law interpreting it mandate that a claimant receive immediate financial gain as a prerequisite to an award of attorney's fees.

For the reasons herein set forth, the Court concludes that the Board erred in its decision as to the denial of attorney's fees to appellants because the credit due INA exceeded the amount awarded appellants. The Board's last ruling is reversed and its earlier award of attorney's fees is reinstated.

IT IS SO ORDERED.