ERVIN, Judge.
Linda Brooks, the claimant below, appeals from a workers’ compensation order in which the judge of compensation claims (JCC) granted the employer, Eastern Airlines, Inc., and its carrier, The Travelers Insurance Co. (E/C), an offset of $10,115.97 against future permanent total disability (PTD) benefits due and owing claimant pursuant to Florida law arising from the E/C’s payment of temporary total disability (TTD) benefits under Virginia *811 law. Brooks first contends that, because the benefits the E/C paid in Virginia were for different periods of disability than those in Florida, the JCC lacked legal authority to offset the amounts in issue, or, alternatively, if such authority exists, any excess payments made by the E/C in Virginia should be considered a gratuity. We affirm as to both points.
The facts in this case are undisputed. Claimant injured her lower back on May 27, 1984, during her employment as a flight attendant with Eastern Airlines. Although the injury occurred while the aircraft was in Florida, claimant filed her original claim in Virginia, where she was stationed and resided. Claimant received TTD benefits in Virginia in a timely and proper fashion until November 23,1991, when her benefits terminated pursuant to Virginia law. On July 19, 1991, claimant voluntarily transferred the case to Florida and filed a claim for PTD benefits. Thereafter, on November 26, 1991, the E/C administratively accepted claimant as PTD as of August 1,1991, and immediately commenced making such payments, but asserted its right to an offset from future payments of PTD benefits resulting from its disbursement of TTD benefits in Virginia. Evidence was presented that claimant received $91,043.97 under the Virginia workers’ compensation law, and that, had the claim originated in Florida, claimant would have only received $80,928 during the same period of disability, for a difference of $10,115.97. The E/C therefore sought an offset as to that amount for the asserted overpayment.
I.
As to the first issue, we conclude that the JCC correctly awarded the offset. Section 440.09(1), Florida Statutes (1983), provides that an employee is entitled to compensation for a compensable accident which occurs while the worker is employed outside the state of Florida. If, however, he or she receives compensation under the laws of any other state, the statute denies “total compensation for the same injury greater than is provided herein.” Claimant argues that the statute authorizes an offset only if benefits are paid simultaneously under the laws of Florida and another state to the extent that the total benefits received exceed the benefits permitted in Florida,[1] but that the statute cannot force a claimant to reimburse benefits which were lawfully obtained under the law of another state during an altogether separate interval of disability. . We disagree.
We find nothing limiting the statute’s application to payments made in two or more states for coinciding terms of disability. In so concluding, we consider it helpful to recite a short history of section 440.09(1) and applicable case law.
The above quoted language from section 440.09(1), which was adopted in 1937,[2] appears to be generally in accord -with the law then existing in all states permitting credit for amounts previously paid in another state. See 4 Arthur Larson, The Law of Workmen’s Compensation § 85.10, at 16-19 (1993) (hereinafter Larson). Although the Supreme Court declined to follow the above rule in Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943), the Court held in Industrial Commission of Wisconsin v. McCartin, 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140 (1947), that the full faith and credit clause of the United States Constitution did not bar an employee from securing a subsequent award in Wisconsin after acquiring an earlier award in Illinois, so long as credit for any overlapping benefits was applied to the later Wisconsin benefits.[3] The test for deciding whether a prior award will bar a later attempt to secure additional benefits is whether some “unmistakable language” by a state legislature or judiciary in one state clearly precludes a subsequent recovery in another state. Id. at 627-28, 67 *812 S.Ct. at 889, 91 L.Ed. at 1143-44. Accord Restatement (Second) of Conflict of Laws § 182 cmt. b (1971).
The Court revisited the issue in Thomas v. Washington Gas Light Co., 448 U.S. 261, 100 S.Ct. 2647, 65 L.Ed.2d 757 (1980), where a plurality of four justices considered that a state has no legitimate interest in barring another state from granting a supplemental compensation award if the second state had the power to apply its workers’ compensation law in the first place.[4] Consequently, the law as it has currently evolved is that so long as the statute of a given state does not have unmistakable language therein forbidding supplemental relief under the laws of another state, a successive award in another state for the same injury is permissible, if credit is given for any overpayment of benefits in the successive award. See cases collected under 4 Larson § 85.40.
The Florida Supreme Court’s interpretation of section 440.09(1) in de Cancino v. Eastern Air Lines, 239 So.2d 15 (Fla.1970), appears to be consistent with the general rule. The court stated:
A clear interpretation of this statute reveals that it is intended to secure compensation for persons hired or residing in Florida, and that they shall he entitled to recover total compensation in all forums up to the maximum amount which might he obtained by proceeding in Florida alone. The implication of the language is clear that an employee is permitted to seek recovery in more than one state, but may not recover additional benefits in Florida if benefits already received equal what could have been recovered in Florida. Equally obvious is the legislative intent that persons in whom Florida has an interest should be compensated in the amount deemed desirable in this State, regardless of the fact that another state also may have an interest in the outcome of their case.
de Cancino, 239 So.2d at 17 (emphasis added).
In the case at bar, no contention has been made that there is any language in the pertinent Virginia statute which unmistakably cuts off a worker from later seeking greater benefits under the laws of another state. Thus, we are asked only to decide whether credit for payments made in Virginia can be lawfully applied by the E/C to payments in Florida for a period of disability commencing at a later time than that paid by it under Virginia law.
In granting the offset below, we think the judge did all that he was required to do: consider the total amount of benefits, whether temporary or permanent, available to the claimant in Florida had she filed the claim in Florida in the first instance.[5] Two cases from other jurisdictions support our conclusion. In Plante v. North Dakota Workers Compensation Bureau, 455 N.W.2d 195 (N.D.1990), which involved successive claims in Minnesota and North Dakota, the North Dakota Supreme Court observed that if a supplemental award of TTD benefits were permitted in North Dakota — even though it would not necessarily result in a double recovery — the award could result in the employee receiving greater benefits than contemplated by either the North Dakota or Minnesota workers’ compensation plans. The court also noted that the general policy behind the successive-award doctrine is for the worker to choose the most desirable compensation plan as a whole. In so saying, the court quoted with approval the following passage from Larson:
“[Ejmployees typically are at a disadvantage in learning of their potential rights under various statutes of other states, es *813 pecially since complex conflict-of-laws issues may sometimes be involved; hence they may quite forgivably make an unfortunate choice at the time of filing the first claim.... In any case, the worst that can happen to the [employers], apart from the inconvenience mentioned above, is that they will have to pay no more than the highest compensation allowed by any single state having an applicable statute— which is the same amount that would always be payable if the claimant made the best-informed choice the first time.” Larson’s Worker’s Compensation § 85.60 (1990) (emphasis added).
Plante, 455 N.W.2d at 199.
A case from the state of Delaware provides another example. In Coen v. Ambrose-Augusterfer Corp., 463 A.2d 265 (Del.1983), the worker first received disability benefits under Pennsylvania law for a wrist injury and later sought permanency benefits under Delaware law. Although the Delaware Industrial Accident Board determined that claimant was entitled to a permanency award pursuant to statute, it also concluded that the employer was entitled to a credit for disability benefits the claimant had received pursuant to the Pennsylvania award. The Delaware Supreme Court affirmed, pointing out that the purpose of the statute, in authorizing the credit, was not merely to prevent a double recovery by the employee, but, instead, to impose a ceiling on the total amount recoverable under Delaware law. As such, it was an anti-forum-shopping statute to the extent that it forbids a claimant, eligible for workers’ compensation in more than one state, from bringing a portion of his or her claim in another state which provides greater benefits than would be available under Delaware law, and later seeking a different class of benefits in Delaware, which would exceed the maximum amount of benefits available under Delaware law had the claim been made solely in that state. Id. at 268.
Thus, the interpretation the JCC placed upon the statute in the order below, consistent with de Cancino and other pertinent case law, is that the employer, doing business in more than one state and subjected to multiple claims stemming from a single injury, will not be required to pay an amount more than the benefits allowed by the state furnishing the worker the most generous compensation benefits, which would be the amount available to the claimant had she filed her entire claim in such state in the first instance.
II.
Claimant has also argued that the overpayment should be considered a gratuity under section 440.20(15), Florida Statutes (1983), which provides that “[a]ny payment by the employer over and above compensation paid or awarded ... shall be considered a gratuity.” Based on the foregoing language, the rule has been established that any overpayment of compensation is a gratuity in the absence of a finding that a reasonable basis existed for the overpayment. Belam Fla. Corp. v. Dardy, 397 So.2d 756, 758 (Fla. 1st DCA 1981). If, however, such basis exists for the overpayment, the gratuity presumption disappears and the JCC may allow the overpayment to be applied as a credit against compensation ultimately found to be due, even though the compensation may be for a different class of benefits. Id. The gratuity rule does not require a finding of gratuity at bar, because there is a reasonable basis for the overpayment, in that claimant received the overpayment because such amount was legally authorized under Virginia law, and the E/C had no control over its payment.
AFFIRMED.
MICKLE and DAVIS, JJ., concur.

. Claimant concedes that if the total benefits paid from August 1 through November 23, 1991 exceed benefits payable solely under Florida law, the E/C may recover the excess for that period.

. Ch. 18413, § 3, Laws of Fla. (1937).

.As the Supreme Court noted in Thomas v. Washington Gas Light Co., 448 U.S. 261, 274 n. 20, 100 S.Ct. 2647, 2657 n. 20, 65 L.Ed.2d 757, 769 n. 20 (1980), “Virtually every commentator agrees that McCartin all but overruled Magnolia.”

. Three justices concurred with the result reached, but did so based upon the McCartin "unmistakable language” test, whereas the two remaining justices dissented, contending that the rule stated in Magnolia should be followed.

. Although the temporary benefits furnished under the laws of Virginia were greater than those of Florida, the total potential benefits which the claimant could receive pursuant to Florida statutes are far more generous than those available under Virginia's in that the claimant in Florida is entitled to PTD benefits for the remainder of her life, together with supplemental weekly benefits equal to five percent of her compensation rate, subject only to certain setoffs, such as social security retirement and disability benefits. §§ 440.15(l)(e)(l), (9), Fla.Stat. (1983).