675 S.E.2d 890

**KASSERMAN AND BOWMAN, PLLC, Plaintiff Below, Appellant,**

**v.**

**Jane L. CLINE, Defendant Below, Appellee.**

**No. 34140.**

Supreme Court of Appeals of West Virginia.

Submitted: Jan. 27, 2009.

Decided: March 27, 2009.

---

**416**

Jonathan C. Bowman, Wheeling, WV, for the Appellant.

Darrell V. McGraw, Jr., Attorney General, David L. Stuart, Senior Deputy Attorney General, Charleston, WV, for the Appellee.

DAVIS, Justice: [1]

In this appeal from an unfavorable summary judgment ruling in a declaratory judgment action, lawyer Jonathan C. Bowman, plaintiff below and appellant herein (hereinafter referred to as "Mr. Bowman"), asks this Court to resolve whether a lawyer who obtains a compromise and settlement of a workers' compensation claim for medical benefits under W. Va.Code § 23–5–7 (2005) (Repl.Vol. 2005) may collect from his or her client an attorney's fee of not more than twenty percent based upon the amount of the settlement for the statutory maximum period of 208 weeks, pursuant to W. Va.Code § 23–5–16 (1995) (Repl.Vol.2005). Based upon the briefs submitted on appeal, the parties' oral arguments, and the relevant law, we conclude that an attorney may not charge a fee based upon the settlement of medical benefits in a workers' compensation claim.

## I.

### FACTUAL AND PROCEDURAL HISTORY

On June 22, 2005, the law firm of Seibert & Kasserman, L.C., (hereinafter referred to as "Seibert & Kasserman") filed a petition for declaratory relief in the Circuit Court of Kanawha County seeking a determination of two questions pertaining to W. Va.Code § 23–5–16.[2] First, Seibert & Kasserman asked whether a lawyer representing a claimant in pursuit of an earlier onset date for permanent total disability (hereinafter referred to as "PTD") could obtain a new and separate attorney's fee of twenty percent of the additional accrued PTD benefits obtained as a result of successfully obtaining an earlier onset date on behalf of a claimant for the statutory maximum of 208 weeks. Additionally, it asked whether a lawyer representing a claimant in settlement of medical benefits could obtain a new and separate attorney's fee of twenty percent for the statutory maximum period of 208 weeks based upon the amount of the settlement of medical benefits on behalf of the claimant. The plaintiff noted that it had deducted the afore-described fees from benefits obtained for its clients and held the same in escrow pending a determination of the propriety of such fees. The named defendants in this action were the executive director of the Workers' Compensation Commission, and numerous clients for whom Seibert & Kasserman had obtained a compromise and settlement of medical benefits pursuant to W. Va.Code § 23–5–7.[3]

■ During the course of the litigation below,[4] the petitioning law firm, Seibert & Kasserman, L.C., voluntarily dismissed all of the named defendants who had been its clients, leaving the executive director of the Workers' Compensation Commission as the only defendant.[5] Thereafter, Seibert & Kasserman was dissolved, the Workers' Compensation Commission was abolished, and the

---

1. Pursuant to an administrative order entered March 23, 2009, the Honorable Thomas E. McHugh, Senior Status Justice, was recalled for temporary assignment to the Supreme Court of Appeals of West Virginia under the provisions of Article VIII, section 8 of the Constitution of West Virginia.

2. For the text of W. Va.Code § 23–5–16 (1995) (Repl.Vol.2005), see *infra* p. 895.

3. For the text of W. Va.Code § 23–5–7 (2005) (Repl.Vol.2005), see *infra* note 11.

4. On July 6, 2005, Seibert & Kasserman, L.C., filed a motion to amend its petition for declaratory relief to remove as a defendant a client who had been "mistakenly named," and to add as a defendant a client who had been "mistakenly omitted."

5. The Insurance Commissioner advances to this Court what amounts to a mootness argument based on the fact that the clients who were originally made defendants to this action have been voluntarily dismissed. This Court has explained that

> [t]hree factors to be considered in deciding whether to address technically moot issues are as follows: first, the [C]ourt will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided.

West Virginia Insurance Commissioner was given regulatory authority over the workers' compensation industry.[6] Accordingly, the law firm of Kasserman and Bowman, PLLC (hereinafter referred to as "Kasserman & Bowman"),[7] was substituted as plaintiff, and Jane L. Cline, as Insurance Commissioner, was substituted as defendant. Kasserman & Bowman then filed a motion for summary judgment. In its motion, Kasserman & Bowman expressly stated that it was no longer seeking a determination of whether it could obtain a new and separate attorney's fee of twenty percent of the additional accrued PTD benefits obtained as a result of successfully obtaining an earlier onset date.[8] Therefore, the summary judgment hearing pertained only to whether attorney's fees could properly be withheld from the compromise and settlement of medical benefits claims. During the hearing, the circuit court commented:

> Well, I mean, I think what I'm being asked to do, though, is to read something into a statute that's simply not there.
>
> In fact, it's to the contrary, and I really do believe that the legislative arena is the place where this issue ought to be addressed as to issues of public policy. That's what they do day in and day out.
>
> You know, I'm not unsympathetic to the kind of dilemma that you're in, but I believe that the statute is very clear.

Syl. pt. 1, *Israel by Israel v. West Virginia Secondary Sch. Activities Comm'n*, 182 W.Va. 454, 388 S.E.2d 480 (1989). Because we find that the issue raised in this appeal is of great public interest and is capable of repetition and yet evade review, the technical mootness of that issue does not preclude our consideration of the same.

6. *See State ex rel. Crist v. Cline*, 219 W.Va. 202, 204 n. 2, 632 S.E.2d 358, 360 n. 2 (2006) ("[O]n January 1, 2006, the Workers' Compensation Commission was dissolved. 'Authority to enforce the existing rules and the regulatory functions of the commission as set forth in chapter twenty-three [§§ 23–1–1 et seq.] of the code [was transferred] from the commission to the insurance commissioner effective upon termination of the commission.' W. Va.Code § 23–2C–22 (2005) (Repl.Vol.2005). *See also* W. Va.Code § 33–2–21 (2005) ( [Repl.Vol.2006] ) (titled 'Authority of Insurance Commissioner to regulate workers compensation industry; authority of Insurance Commissioner to administer chapter twenty-three of the Code of West Virginia').").

So what I'm going to do is I'm going to deny the motion for summary judgement and enter it as a final order and if you want to take any appeal of that to the Supreme Court, then you know, I welcome that.

Following the hearing, by final order entered October 22, 2007, the Circuit Court of Kanawha County denied Kasserman & Bowman's motion for summary judgment. In addition, the circuit court expressly ruled that "West Virginia Code § 23–[ ]5–16 does not permit a 20% contingency fee to be awarded upon the settlement of medical benefits in a [w]orkers' [c]ompensation claim," which ruling effectively granted summary judgment in favor of the Insurance Commissioner.[9]

## II.

## STANDARD OF REVIEW

The instant case is before this Court on appeal from an adverse summary judgment ruling. It is well established that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). In this regard, we have explained that, "[w]hen undertaking our plenary review, we apply the same standard for granting summary judgment as would be applied

7. According to the appellant's brief, Kasserman and Bowman, PLLC, ceased operations in 2008.

8. Kasserman & Bowman explained that, prior to the dissolution of Seibert & Kasserman, the law firm released and paid to its clients certain funds it had held in escrow, which funds represented twenty percent of the awards Seibert & Kasserman had obtained for certain clients by virtue of obtaining an earlier onset date for their previously obtained PTD awards. Because of this distribution of funds, Kasserman & Bowman conceded that there was no longer a controversy with respect to attorney's fees for obtaining an earlier onset date for PTD, and, therefore, it was no longer seeking a determination of that issue.

9. The order failed to expressly state that it was granting summary judgment in favor of the Insurance Commissioner; however, by expressly ruling that the contingency fee at issue was not permitted under W. Va.Code § 23–5–16, the order clearly had the effect of granting summary judgment in favor of the Insurance Commissioner.

by a circuit court." *Subcarrier Communications, Inc. v. Nield,* 218 W.Va. 292, 296, 624 S.E.2d 729, 733 (2005). Accordingly, in conducting this plenary review, we bear in mind that

"'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon,* 187 W.Va. 706, 421 S.E.2d 247 (1992).

Syl. pt. 2, *Painter,* 192 W.Va. 189, 451 S.E.2d 755. Furthermore, "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. pt. 3, *id.*

Finally, we note that the issue raised in this appeal presents a legal question. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995).

## III.

### DISCUSSION

The issue we are asked to resolve in this appeal is whether W. Va.Code § 23–5–16 [10] permits a twenty percent contingency fee to be awarded upon the settlement of medical benefits [11] in a workers' compensation claim.[12] In deciding this narrow ques-

---

10. The provisions contained in W. Va.Code § 23–5–16 were formerly codified at W. Va.Code § 23–5–5 (1975) (Repl.Vol.1994). There is no substantive difference between these two statutes. Thus, this Court's opinions addressing W. Va.Code § 23–5–5 were not superceded by the enactment of W. Va.Code § 23–5–16.

11. The compromise and settlement of certain medical benefits in a workers' compensation claim is permitted under W. Va.Code § 23–5–7 (2005) (Repl.Vol.2005). This statute is silent on the issue of attorney's fees:

With the exception of medical benefits for nonorthopedic occupational disease claims, the claimant, the employer and the workers' compensation commission, the successor to the commission, other private insurance carriers and self-insured employers, whichever is applicable, may negotiate a final settlement of any and all issues in a claim wherever the claim is in the administrative or appellate processes. If the employer is not active in the claim, the commission, the successor to the commission, other private insurance carriers and self-insured employers, whichever is applicable, may negotiate a final settlement of any and all issues in a claim except for medical benefits for nonorthopedic occupational disease claims with the claimant and said settlement shall be made a part of the claim record. Except in cases of fraud, no issue that is the subject of an approved settlement agreement may be reopened by any party, including the commission, the successor to the commission, other private insurance carriers and self-insured employers, whichever is applicable. Any settlement agreement may provide for a lump-sum payment or a structured payment plan, or any combination thereof, or any other basis as the parties may agree. If a self-insured employer later fails to make the agreed-upon payment, the commission shall assume the obligation to make the payments and shall recover the amounts paid or to be paid from the self-insurer [sic] employer and its sureties or guarantors or both as provided in section five [§ 23–2–5] and five-a [§ 23–2–5a], article two of this chapter.

Each settlement agreement shall provide the toll free number of the West Virginia State Bar Association and shall provide the injured worker with five business days to revoke the executed agreement. The insurance commissioner may void settlement agreements entered into by an unrepresented injured worker which are determined to be unconscionable pursuant to criteria established by rule of the commissioner.

The amendments to this section enacted during the regular session of the Legislature in the year one thousand nine hundred ninety-nine shall apply to all settlement agreements executed after the effective date.

12. The Insurance Commissioner argues, as an alternative to its mootness argument, see *supra* note 5, that this case should be dismissed as improvidently granted and the matters remanded to the circuit court for further development of the record. Because this case presents a purely legal question involving the interpretation of a statute, development of the facts is not necessary to our resolution of this case. *Cf. Louk v. Cormier,* 218 W.Va. 81, 86, 622 S.E.2d 788, 793 (2005) (" 'The issue raised here … is purely legal in nature and lends itself to satisfactory resolution on the existing record without further development of the facts.' " (citation omitted)); *State v. Greene,* 196 W.Va. 500, 505, 473 S.E.2d 921, 926 (1996) (Cleckley, J., concurring) ("[T]he [issue]

tion, we look to the specific language of that section of the code, which states:

> No attorney's fee in excess of twenty percent of any award granted shall be charged or received by an attorney for a claimant or dependent. In no case shall the fee received by the attorney of such claimant or dependent be in excess of twenty percent of the benefits to be paid during a period of two hundred eight weeks. The interest on disability or dependent benefits as provided for in this chapter shall not be considered as part of the award in determining any such attorney's fee. However, any contract entered into in excess of twenty percent of the benefits to be paid during a period of two hundred eight weeks, as herein provided, shall be unlawful and unenforceable as contrary to the public policy of this state and any fee charged or received by an attorney in violation thereof shall be deemed an unlawful practice and render the attorney subject to disciplinary action.

W. Va.Code § 23–5–16.

■ Mr. Bowman contends that W. Va. Code § 23–5–16 is ambiguous and should be interpreted by this Court to allow attorneys to collect a fee of twenty-percent, up to the statutory maximum period of 208 weeks, based upon the amount of a settlement of medical benefits.[13] Mr. Bowman notes that there is no statute or rule addressing whether lawyers may charge a fee in connection with their efforts in obtaining a settlement of medical benefits.[14] The Insurance Commissioner asserts, on the other hand, that this Court has consistently ruled that the maximum attorney's fee to be charged pursuant to W. Va.Code § 23–5–16 may not exceed twenty percent of the benefits to be paid during a period of 208 weeks.[15] She contends that there is no reason to believe that the Legislature intended to allow an additional award of attorney's fees for the settlement of medical benefits or that the omission of additional attorney's fees for settlement of medical benefits was a legislative oversight that should be corrected by this Court. We agree.

■ It is well established that "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2,

raised here is law-based, not fact-based, and our review of the circuit court's ruling is *de novo.* These attributes ease the way for permitting this appeal to go forward.").

13. Mr. Bowman also asks this Court to address whether a twenty percent contingency fee may be collected on an award that is based upon successfully obtaining an earlier onset date for a pre-existing PTD award. As explained in the facts set out in Section I, *supra,* this issue was abandoned below. Because the issue has not been addressed by the circuit court in the first instance, it is not a proper issue for our review. *See* Syl. pt. 7, *In re Michael Ray T.,* 206 W.Va. 434, 525 S.E.2d 315 (1999) (" ' " 'In the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken.' Syllabus Point 1, *Mowery v. Hitt,* 155 W.Va. 103[, 181 S.E.2d 334] (1971)." Syl. pt. 1, *Shackleford v. Catlett,* 161 W.Va. 568, 244 S.E.2d 327 (1978).' Syllabus point 3, *Voelker v. Frederick Business Properties Co.,* 195 W.Va. 246, 465 S.E.2d 246 (1995).").

14. Mr. Bowman acknowledges that he has previously obtained an ethics opinion from the Office of Disciplinary Council (hereinafter referred to as "the ODC") with respect to this issue. The

ODC opined that such a fee is not permitted under W. Va.Code § 23–5–16.

15. *See, e.g.,* Syl. pt. 1, *Committee on Legal Ethics v. Coleman,* 180 W.Va. 493, 377 S.E.2d 485 (1988) ("Under *W. Va.Code,* 23–5–5 [1975] [now W. Va.Code § 23–5–16], an attorney's fee for assisting a workers' compensation claimant in obtaining a permanent total disability award, consisting of accrued and future benefits, is not to exceed twenty percent of the accrued and future benefits as one award subject to the 208–week limitation."); Syl. pt. 6, *Hinerman v. Levin,* 172 W.Va. 777, 310 S.E.2d 843 (1983) ("*West Virginia Code* 23–5–5 [1973] [now W. Va.Code § 23–5–16] requires that an attorney's fee for representing a client in a single workers' compensation claim shall not exceed twenty percent (20%) of the claimant's recovery during a period of two hundred eight weeks even if the attorney's fee comes from two separate sources and results from two separate contractual agreements. This limitation applies to the litigation of one claim up to the rendition of a final order, but does not apply to new claims, such as reopenings, that may be related to the first claim but involve the full litigation of a new case. If a separate award is given to the claimant, the attorney may receive the agreed additional payment for his services on this new claim up to the statutory limit.").

*State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951). *Accord* Syl. pt. 2, *State ex rel. Daye v. McBride*, 222 W.Va. 17, 658 S.E.2d 547 (2007) (" 'Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation.' Syllabus Point 2, *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970)."). On the other hand, "[a] statute that is ambiguous must be construed before it can be applied." Syl. pt. 1, *Farley v. Buckalew*, 186 W.Va. 693, 414 S.E.2d 454 (1992). *Accord*, Syl. pt. 1, *Ohio County Comm'n v. Manchin*, 171 W.Va. 552, 301 S.E.2d 183 (1983) ("Judicial interpretation of a statute is warranted only if the statute is ambiguous....").

 The statute in question, W. Va.Code § 23–5–16, is conspicuously silent with respect to whether it permits an attorney to collect a fee upon the settlement of medical benefits. Therefore, with respect to this particular question, the statute is ambiguous and must be construed. In this regard, we are guided by the well-settled principle that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syllabus point 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W.Va. 108, 219 S.E.2d 361 (1975).

Arguing that we should construe W. Va. Code § 23–5–16 to allow attorneys to collect a fee upon the settlement of medical benefits, Mr. Bowman relies on this Court's prior decision in *Committee on Legal Ethics v. Coleman*, 180 W.Va. 493, 377 S.E.2d 485 (1988). The *Coleman* Court discussed the meaning of the term "award" as used in W. Va.Code § 23–5–16,[16] and cited favorably the Delaware case of *Willingham v. Kral Music, Inc.*, 505 A.2d 34 (Del.Super.Ct.1985). According to *Coleman*, the *Willingham* Court "held that an 'award of compensation,' upon which a workers' compensation claimant's attorney's fee is based, refers to any *'favorable change of position or benefit' as the result of a final administrative decision.*" *Coleman*, 180 W.Va. at 497, 377 S.E.2d at 489 (quoting

*Willingham*, 505 A.2d at 36) (emphasis added). The *Coleman* Court also observed that,

[i]n *State ex rel. Magun v. Sharp*, 143 W.Va. 594, 598, 103 S.E.2d 792, 795 (1958), the Court, quoting *Black's Law Dictionary*, defined an "award" as " '[t]he decision or determination rendered by arbitrators or commissioners, or other private or extrajudicial deciders, upon a controversy submitted to them; also the writing or document embodying such decision.' "

180 W.Va. at 496, 377 S.E.2d at 488.

We perceive Mr. Bowman's argument on this point to be that, in accordance with the definition of "award" set out in *Coleman*, a settlement of medical benefits should fall within the meaning of the term "any award" as used in W. Va.Code § 23–5–16 to authorize an attorney to charge a fee not exceeding "twenty percent of *any award* granted...." (Emphasis added). We decline to so extend our decision in *Coleman*. First, we note that the definition of "award" set out in *Coleman* was dicta. Furthermore, *Coleman* is distinguishable from this case in that it did not address attorney fees in relation to the settlement of medical benefits.[17] *Coleman* was a lawyer disciplinary case addressing whether a lawyer who had obtained one permanent total disability (hereinafter referred to as "PTD") award for his client could charge two fees in relation to that award: one fee for the portion of the award that represented accrued PTD benefits, and a separate fee for future benefits. The *Coleman* Court concluded that the two fees were not permitted by W. Va.Code § 23–5–16. Thus, *Coleman* is not instructive to our decision in this case.

 Furthermore, Mr. Bowman's argument fails to adequately address the limitation contained in W. Va.Code § 23–5–16 that no fee shall exceed "twenty percent of the benefits to be paid *during a period of two hundred eight weeks.*" (Emphasis added). Mr. Bowman concedes that any attempt to apply W. Va.Code § 23–5–16 to allow a fee

---

16. The *Coleman* Court was actually addressing the earlier version of this provision, which was codified at W. Va.Code § 23–5–5. See *supra* note 10.

17. We are similarly unpersuaded by the Delaware case of *Willingham v. Kral Music, Inc.*, 505 A.2d 34 (Del.Super.Ct.1985), that was cited in *Coleman*. The Delaware statute addressed by the *Willingham* court is in no way similar to W. Va.Code § 23–5–16.

for the settlement of medical benefits would be subject to the 208 week provision, yet he fails to provide any explanation as to how this might be accomplished insofar as a settlement of medical benefits is not broken down into weekly benefit payments. Importantly, "[a] cardinal rule of statutory construction is that significance and effect must, if possible, be given to every section, clause, word or part of the statute." Syl. pt. 3, *Meadows v. Wal–Mart Stores, Inc.,* 207 W.Va. 203, 530 S.E.2d 676 (1999). Thus, the 208 week provision of W. Va.Code § 23–5–16 must be given effect. The fact that the settlement of medical benefits fails to fit within the framework of the 208 week provision of W. Va.Code § 23–5–16 is strong evidence that the Legislature did not intend for the statute to be applied to such settlements.

Finally, Mr. Bowman argues that there are public policy reasons for allowing the attorney's fee he seeks. He claims that allowing the fee would promote settlement of workers' compensation claims. Conversely, he suggests that not allowing the fee would discourage settlements, especially since a significant amount of legal work, in the form of legal review, analysis, and negotiation, is involved in obtaining settlements of medical benefits. In response, the Commissioner argues that attorneys have routinely represented clients with regard to disputed medical issues in workers' compensation litigation with the understanding that a fee could not be charged for successfully litigating those issues.[18] The Insurance Commissioner points out that the dollars paid out in settlement of a claim for medical benefits must be used by the claimant for future medical treatment, and Medicare approval of the settlement is generally required. In order to obtain Medicare approval, Medicare must agree that the settle-

ment amount is sufficient to pay for the anticipated future medical treatment. According to the Commissioner, if the attorney then takes twenty percent, the claimant will not be left with enough money to pay for future medical services. Finally, the Insurance Commissioner notes that the significant work of an attorney is in the litigation of medical benefits issues, not in settlement of them. She reasons that to permit an attorney to charge twenty percent of the settlement of future medical benefits in a workers' compensation claim, without more, would be a windfall for attorneys and a hardship for claimants.

We believe the foregoing policy arguments are more appropriately directed to the Legislature. We have carefully reviewed W. Va.Code § 23–5–16 and find that it simply contains no indication that the Legislature intended to allow attorneys to collect a twenty percent contingent fee on the settlement of medical benefits. This Court is not at liberty to read into a statute that which simply is not there.

"It is not the province of the courts to make or supervise legislation, and a statute may not, under the guise of interpretation, be modified, revised, amended, distorted, remodeled, or rewritten," *Subcarrier Communications, Inc. v. Nield,* 218 W.Va. 292, 299 n. 10, 624 S.E.2d 729, 736 n. 10 (2005) (internal quotations and citations omitted). If the Legislature has promulgated statutes to govern a specific situation yet is silent as to other related but unanticipated corresponding situations, it is for the Legislature to ultimately determine how its enactments should apply to the latter scenarios.

---

**18.** There is a fairly recently adopted regulation pertaining to attorney's fees in connection with medical benefits; however, the regulation, which is authorized by W. Va.Code § 23–2C–21(c) (2005) (Repl.Vol.2005), permits an attorney's fee only upon gaining reversal of an unreasonable denial of an authorization of medical benefits. It does not address settlement agreements regarding medical benefits:

Reasonable attorneys' fees incurred in reversing an unreasonable denial of an authorization of medical benefits will be calculated at a rate of $110 per each hour worked through a final decision by the Office of Judges, up to a

maximum of $1,500. The attorney will be paid $110 per hour worked for any appellate work at the Board of Review and West Virginia Supreme Court of Appeals, up to a maximum additional $1,500. Attorney's fees shall be payable only upon the conclusion of all litigation and appeals if the denial decision has been reversed and if the Office of Judges has determined that the denial decision is unreasonable. The hours worked shall begin to accrue upon the injured workers' receipt of the denial of medical authorization.

W.Va.C.S.R. § 85–4–4.3 (2005).

**422**

*Soulsby v. Soulsby,* 222 W.Va. 236, 247, 664 S.E.2d 121, 132 (2008). *See also Banker v. Banker,* 196 W.Va. 535, 546–47, 474 S.E.2d 465, 476–77 (1996) ("It is not for this Court arbitrarily to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." (citing *Bullman v. D & R Lumber Company,* 195 W.Va. 129, 464 S.E.2d 771 (1995); *Donley v. Bracken,* 192 W.Va. 383, 452 S.E.2d 699 (1994))); Syl. pt. 1, *Consumer Advocate Div. v. Public Serv. Comm'n,* 182 W.Va. 152, 386 S.E.2d 650 (1989) ("A statute, or an administrative rule, may not, under the guise of 'interpretation,' be modified, revised, amended or rewritten."). Indeed, " 'the judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines.' " *State ex rel. Blankenship v. Richardson,* 196 W.Va. 726, 735, 474 S.E.2d 906, 915 (1996) (quoting *Lewis v. Canaan Valley Resorts, Inc.,* 185 W.Va. 684, 692, 408 S.E.2d 634, 642 (1991)).

Based upon the foregoing analysis, we now hold that W. Va.Code § 23–5–16 (1995) (Repl.Vol.2005) does not authorize an attorney to charge a fee based upon the settlement of medical benefits in connection with a workers' compensation claim. Applying this holding to the instant case, we find the circuit court correctly denied summary judgment to Mr. Bowman on the issue of attorney's fees, and properly granted summary judgment in favor of the Insurance Commissioner.

## IV.

## CONCLUSION

For the reasons stated in the body of this opinion, the October 22, 2007, order of the circuit court of Kanawha County is affirmed.

Affirmed.