## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**THOMAS BANDY,**
**Claimant Below, Petitioner**

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No.  16-1165** (BOR Appeal No. 2051285)
(Claim No.2013017957)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas Bandy, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Murray American Energy, Inc., by Aimee Stern and Denise Pentino, its attorneys, filed a timely response.

The issue on appeal is the payment of an attorney fee. On January 4, 2016, the claims administrator denied authorization for psychotherapy visits from January 1, 2016, through December 31, 2016. The Office of Judges reversed the claims administrator's decision in its May 31, 2016, Order. The Order was affirmed by the Board of Review on August 24, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case arises from a petition for an award of claimant's attorney fees filed with the Board of Review by Thomas Bandy after the Board of Review affirmed an Office of Judge's Order reversing the claims administrator's denial of authorization for psychotherapy treatment. On May 3, 2016, the Office of Judges authorized twelve psychotherapy visits between January 1, 2016, and December 31, 2016. The Board of Review affirmed the Office of Judges on August 24, 2016.

Following the entry of the Board of Review's decision, On October 5, 2016, Mr. Bandy filed a petition for attorney fees in the amount of $500.00. The employer filed an objection to the award of $500.00 for an attorney fee as the claimant's attorney had already received the

1

maximum amount of attorney fees permitted by statute for the successful protest of Orders denying authorization for medical treatment on October 18, 2016. In a letter to Mr. Bandy's attorney, dated October 25, 2016, the Board of Review noted its records showed that he had previously been awarded the statutory maximum of $2,500.00 in attorney fees in the claim. It allowed Mr. Bandy twenty days in which to respond. On November 15, 2016, the Board of Review denied Mr. Bandy's petition for attorney fees.

Mr. Bandy asserted that the statutory maximum attorney fee of $500.00 of each successful protest of the denial of medical treatment, with a $2,500.00 maximum during the life of a claim is unconstitutional as it interferes with the ability of claimants to access the judicial system for a redress of wrongs and for due process of law. The arbitrarily set statutory maximum attorney fees makes it difficult for claimants to find representation, due to a lack financial incentive on the part of attorneys.

However, Mr. Bandy's ability to retain counsel was not prejudiced by West Virginia Code §23-5-16(c)(2013)'s limitation on attorney fees. He received temporary total disability rehabilitation benefits, the reinstatement of his 10% permanent partial disability award, an additional 2% permanent partial disability award for a secondary condition, and another 10% permanent partial disability award for additional compensable conditions after he retained his attorney on July 7, 2014, pursuant to a contingency fee contract. Although Mr. Bandy couched his appeal as a constitutional issue, it is in fact a policy argument. In *Kasserman and Bowman v. Cline*, 223 W.Va. 414, 675 S.E. 2d 890 (2009), we noted that public policy arguments "are more appropriately directed to the Legislature."

After review, we agree with the Board of Review's denial of attorney fees. Mr. Bandy has reached the statutory maximum for payment of attorney fees in relation to successful protests of the denial of medical treatment. West Virginia Code §23-5-16(c) does not deprive claimants of due process or the ability to retain counsel. While we recognize Mr. Bandy's frustration with the statutory maximum attorney fee contained in West Virginia Code §23-5-16(c), the Legislature is the appropriate branch of government with whom Mr. Bandy should raise his grievance.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**

**CONCURRED IN BY:**

2

Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker